GREAT FALLS WATER POWER AND TOWNSITE COMPANY, RESPONDENT, *v.* BOSTON AND MONTANA CONSOLIDATED COPPER AND SILVER MINING COMPANY, APPELLANT.

(No. 2,097.)

(Submitted May 3, 1905. Decided July 11, 1905.)

*Contracts—Construction—Supply of Water Power.*

1. A contract bound plaintiff to deliver to defendant power as follows: ''For the first five years, 5,000 horse-powers free of charge; for the second five years, 5,000 horse-powers at the annual rate of $2.50 per horse-power; and thenceforth 5,000 horse-powers at the

annual rate of $5.00 per horse-power, or so much thereof as [defendant] shall consume. It is understood that if [defendant] desires further power, and the same is not being used, [plaintiff] will furnish it for the first ten years at the annual rate of $2.50 per horse-power, and thereafter at the annual rate of $5.00 per horse-power." *Held,* that the "first ten years" used in the stipulation for extra power ran concurrently with the five-year periods for which the power rate was fixed; and their commencement was not postponed until defendant should commence using extra power, but at the expiration of ten years from the date when power was first furnished under the contract defendant was bound to pay the $5 rate for all power used by it, whether in excess of five thousand horsepowers or not.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

ACTION by the Great Falls Water Power and Townsite Company against the Boston and Montana Consolidated Copper and Silver Mining Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*Mr. Ransom Cooper,* for Appellant.

*Mr. I. Parker Veazey,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the court.

This is an appeal from the judgment entered on the pleadings in favor of the plaintiff. On the 12th day of September, 1889, the plaintiff and defendant entered into a contract, evidenced by a written instrument, the whole of the contract being set forth in the complaint. The pleadings are lengthy, but it will not be necessary to make more than a short statement as to that part of the agreement which is in dispute. The defendant, being desirous of establishing on the Missouri river, near Great Falls, upon lands obtained from the plaintiff, a large establishment for the smelting and treatment of ores, and the plaintiff, being desirous that the smelting company should locate its plant at the place suggested for mutual benefit, agreed, among other things, as set out in section 8 of the contract, as follows:

"The Townsite Company agrees that it will furnish the Smelting Company water sufficient for its wheels to deliver the following amounts of power, said water being judiciously and economically used, and on the following terms: beginning at the time when said Smelting Company shall give notice to the Townsite Company that it is ready to use power and for power as delivered from its wheels, to wit: For the first five (5) years, five thousand (5,000) horse-powers free of charge; for the second five (5) years, five thousand horse-powers at the annual rate of two dollars and fifty cents ($2.50) per horse-power, and thenceforth five thousand (5,000) horse-powers at the annual rate of five dollars ($5.00) per horse-power, or so much thereof as the Smelting Company shall consume.

"It is understood that if the Smelting Company desires further power, and the same is not being used, the Townsite Company will furnish it for the first ten (10) years at the annual rate of two dollars and fifty cents ($2.50) per horse-power, and thereafter at the annual rate of five dollars ($5.00) per horse-power.

"If the total amount of power developed by the dam as now proposed to be constructed is absorbed by works and industries, then said Townsite Company will increase the height of the dam if practicable and deliver to the Smelting Company such additional amounts of power as it will consume at the annual rate for the first ten (10) years of two dollars and fifty cents ($2.50) per horse-power and thereafter at the annual rate of five dollars ($5.00) per horse-power."

The smelting company, on the 21st day of February, 1892, notified the plaintiff that it was ready to use, and had commenced to use, the power spoken of in the contract. On the 1st day of October, 1896, the defendant commenced the use of power in excess of the five thousand horse-power. The defendant contends that from and after February 21, 1902, and until the 1st day of October, 1906, it should pay for all power for which it is required to pay under the terms of said contract at the rate of $5 per horse-power per annum for the first five thou-

sand horse-power, and only $2.50 per horse-power per annum for all in excess of the five thousand horse-power, and after the 1st day of October, 1906, at the rate of $5 for the extra power; whereas the plaintiff contends that the defendant should pay from and after February 21, 1902, for all horse-power for which it is required to pay under the terms of the contract at the rate of $5 per annum. It was on the 1st of October, 1896, that the defendant commenced to use the power in excess of five thousand horse-power.

The defendant holds that the phrase "for the first ten years," used in that part of the contract quoted herein, relates to a period of time running from the day when the "further" or "additional" power was first furnished; whereas the plaintiff is of the opinion that the phrase "for the first ten years" refers to the two periods of five years each mentioned in the first paragraph of said section 8. The court below took the latter view as to the proper construction of the contract, and entered judgment for the plaintiff. It appears that the defendant, under its understanding as to the agreement with plaintiff, paid at the rate of $2.50, and not $5, per horse-power, for the time mentioned, and agreed to pay the difference, provided it was determined by the courts in this suit that it should so pay.

It seems to us that there is no difficulty in understanding this contract. The plaintiff furnished to the defendant, for the purpose of fostering the infant industry, the use of five thousand horse-power for five years from the 21st day of February, 1892, gratis; for the second five years it agreed to furnish the five thousand horse-power at the rate of $2.50 per horse-power; and thenceforth—that is, after the expiration of the two terms of five years each, to wit, ten years (from February 21, 1892)— the five thousand horse-power at $5 per horse-power, or so much thereof as the smelting company might need. Thus much it was compelled to furnish, and could not sell to other parties. But it was understood, as stated in the second paragraph, that if the company for the first ten years should need more, and the same were not being used by other parties, then it would

furnish the extra power any time during the said ten years at the rate of $2.50 per horse-power, and thereafter—that is, after the expiration of the ten years—the said extra amount would be furnished at the rate of $5 per horse-power. No question is before us as to any amount having been furnished by raising the height of the dam, as spoken of in the third paragraph.

The only power that the company positively agreed to furnish was five thousand horse-power gratis for five years, and at $2.50 for the next five years, and at $5 thereafter. If it had any power which it had not sold to other people, it would furnish the same to the company during the first ten years at $2.50 per horse-power, and thereafter at the rate of $5 per horse-power. Thus we have stated it twice, and we cannot see any other construction that can possibly be put upon it.

Appellant contends that the smelting company was to have the extra power at the favored rate of $2.50 for a period of ten years from the date when it should get it after demanding the same; that is, if it should at any time, perhaps twenty-five years after the expiration of the first ten years of the operation of the plant, need and demand any number of horse-power, say one thousand or twenty thousand, it should be at once furnished, and for a period of ten years, at $2.50 per horse-power. We think the understanding of this court and of the district court is more reasonable. The fostering period was, in our opinion, ten years from February 21, 1892.

We are therefore of the opinion that the court below was right in finding for the plaintiff in its contention and entering judgment accordingly. Judgment affirmed.

*Affirmed.*


MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.


Rehearing denied July 29, 1905.